IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SEAN SWANSON,<br><br>                Plaintiff,<br><br>         v.<br><br>SAN JOAQUIN COUNTY, SAN JOAQUIN COUNTY DISTRICT ATTORNEY'S OFFICE, SAN LUIS OBISPO COUNTY, SAN LUIS OBISPO COUNTY DISTRICT ATTORNEYS OFFICE, DAVID BERTOCCHINI,<br><br>                Defendants. | 2:11-cv-02765-GEB-CKD<br><br>ORDER* |

   Defendants San Joaquin County, San Joaquin County District Attorney's Office, and David Bertocchini ("Bertocchini" and, collectively, "San Joaquin County Defendants") and Defendant San Luis Obispo County ("SLO County") each move for dismissal of Plaintiff Sean Swanson's ("Swanson's") complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In the alternative, each Defendant moves for dismissal under Rule 12(b)(6), arguing Swanson fails to state a claim for relief. Swanson opposes the motion.

//

//

---

   * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I. LEGAL STANDARD

A "Rule 12(b)(1) jurisdictional attack[] can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). The Defendants' Rule 12(b)(1) dismissal motions constitute a facial attack, because the existence of subject matter jurisdiction depends on allegations in Swanson's Complaint, rather than evidence extrinsic to the Complaint. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Swanson bears the burden of demonstrating that federal subject matter jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). However, the factual allegations in Swanson's Complaint are assumed to be true and all reasonable inferences capable of being drawn therefrom are drawn in Swanson's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

## II. SWANSON'S ALLEGATIONS

Swanson's Complaint contains the following allegations. "On or about September 8, 2009, Swanson was arrested in the County of San Luis Obispo." (Compl. ¶ 5.) "In connection with his arrest, the [SLO County] Police Department prepared a Police Report . . . , a Supplemental Report . . . , a Booking Report . . . , and obtained a DMV record for Law Enforcement Use only . . . (all, collectively, the 'Confidential Records')." (Compl. ¶ 6.) "There is [or was also] pending litigation in the Superior Court of California, County of San Joaquin, . . . (the 'Family Law Action') between [Swanson] and . . . Marybeth Kozina," the mother of Swanson's minor son. (Compl. ¶¶ 7-8.) "On or about July 27, 2010, Bertocchini," "a Lieutenant employed by the [San Joaquin County District Attorney's Office] [in its] Investigative Division," "filed a declaration at the behest of Marybeth Kozina in the Family Law Action."

1  (Compl. ¶¶ 9-10.) "Attached to and incorporated into the Declaration
2  were the [Police Report], the Supplement[al] Report, the Booking
3  Report[,] and the DMV Record" pertaining to or acquired in connection
4  with Swanson's arrest in San Luis Obispo County. (Compl. ¶ 11.)

5     Swanson alleges that Bertocchini "obtained the Confidential
6  Records . . . to assist Bertocchini in preparing his declaration in the
7  Family Law Action" and that the San Joaquin County Defendants "utilized
8  the Confidential Records for an illegal and impermissible purpose--to
9  wit, to influence the outcome of the Family Law Action." (Compl. ¶¶ 13,
10 17.) Swanson alleges five claims for relief in his Complaint, all of
11 which are alleged under state law: "violat[ion] [of] . . . Swanson's
12 right to privacy as guaranteed by California Civil Code section 1798.1,"
13 intentional infliction of emotional distress, negligent infliction of
14 emotional distress, negligent supervision, and negligent training.
15 (Compl. ¶¶ 1-29.)

### III. DISCUSSION

17    Defendants argue that "the Complaint [is] devoid of any
18 statement regarding jurisdiction, [and] the underlying allegations
19 suggest that there is no basis for filing this matter in federal court.
20 The parties are California citizens or entities and the causes of action
21 are based on state law." (San Joaquin County Defs.' Mot. to Dismiss
22 ("San Joaquin County Defs.' Mot.") 3:3-5; SLO County's Mot. to Dismiss
23 ("SLO County's Mot.") 3:6-8.) Swanson counters that "[t]his action
24 alleges a violation of Swanson's right to privacy . . . [under] the
25 United States Constitution." (Pl.'s Opp'n to the Mots. to Dismiss
26 ("Opp'n") 2:2-3.) Swanson also counters that "the acquisition, and use,
27 of the confidential records is a violation of Swanson's civil rights
28 [and] . . . [s]ubject matter jurisdiction is thus proper . . . pursuant

to 28 U.S.C. § 1343 [('§ 1343')]." (Opp'n 2:3-5.) Finally, Swanson argues that "[he] qualifies as a potential plaintiff under 18 [U.S.C.] § 2721 [('§ 2721')]." (Opp'n 2:8.) Defendants rejoin that the arguments in Swanson's opposition fail to cure the deficiencies in his complaint. (San Joaquin County Defs.' Reply 2:9-10; SLO County's Reply 2:6-8.)

Swanson does not state in his complaint "the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a). In addition, Swanson's "complaint does not contain a well-pleaded federal claim on its face. Each of [his] [five] claims relies exclusively on state law." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007). Since Swanson has failed to satisfy his burden of alleging a basis for federal subject matter jurisdiction and facts in support, Kokkonen, 511 U.S. at 377, each Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

SLO County argues Swanson's complaint should be dismissed "without leave to amend" since amendment would be futile. (SLO County's Mot. 5:6-7; SLO County's Reply 2:11-13.) SLO County specifically argues that "the representations [in] [Swanson's] Opposition [that he has alleged in his complaint a violation of his right to privacy under the United States Constitution and of his civil rights] . . . simply do[] not state a claim for relief for any violation of the federal Constitution . . . [and] would not withstand a motion to dismiss." (SLO County's Reply 4:12-14.) This argument is persuasive, since "there is no constitutional right to privacy in one's criminal record." Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996). In addition, courts have found no violation of the federal Constitution in cases in which the "plaintiff attacks the maintenance and dissemination of arrest records for persons who were never adjudged guilty of a criminal charge arising

4

1  from the conduct for which they were arrested." Hammons v. Scott, 423 F.
2  Supp. 625, 628 (N.D. Cal. 1976) (citing Paul v. Davis, 424 U.S. 693
3  (1976)).
4      SLO County also argues that "[§] 1343 neither provides a
5  substantive claim for relief nor entitles [Swanson] to federal subject
6  matter jurisdiction." (SLO County's Reply 4:19-20.) "[Section] 1343 does
7  not create an independent basis for federal jurisdiction, but only
8  serves to confer jurisdiction where a federal cause of action is
9  provided by one of the substantive sections of the Civil Rights Act."
10 Ellis v. Cassidy, 625 F.2d 227, 229 (9th Cir. 1980), abrogated on other
11 grounds by Kay v. Ehrler, 499 U.S. 432 (1991). Here, Swanson fails to
12 allege facts that would support a claim on which federal subject matter
13 jurisdiction could be based.
14     Finally, SLO County argues that "the allegations [in]
15 [Swanson's] Complaint prevent him from asserting a sustainable claim for
16 relief pursuant to [§] 2721 because the facts in the Complaint evince
17 that the motor vehicle records were employed for a permissible purpose."
18 (SLO County's Reply 5:14-16.) Section 2721 prohibits the disclosure and
19 re-disclosure of "personal information" obtained from a department of
20 motor vehicles, unless the information is for, *inter alia*, "use by any
21 government agency, including any court or law enforcement agency, in
22 carrying out its functions," or "use in connection with any civil,
23 criminal, administrative, or arbitral proceeding in any Federal, State,
24 or local court or agency . . . ." 18 U.S.C. § 2721(a), (b)(1), (b)(4),
25 & (c). Here, Swanson alleges in his Complaint that the San Joaquin
26 County Defendants obtained Swanson's DMV record, among other documents,
27 from SLO County and "utilized the [DMV record] . . . to influence the
28 outcome of the Family Law Action." (Compl. ¶¶ 13, 18.) Since Swanson

alleges Defendants used his DMV record "in connection with . . . [a] civil proceeding," Swanson cannot state a claim for relief under § 2721.

"Under Ninth Circuit law, district courts are only required to grant leave to amend if a complaint can possibly be saved." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Since "it is clear . . . that [Swanson's] complaint [can]not be saved by any amendment," Swanson is not granted leave to amend his Complaint in federal court. Ctr. for Biological Diversity v. Veneman, 394 F.3d 1108, 1114 (9th Cir. 2005).

## IV. CONCLUSION

For the stated reasons, each Defendant's motion to dismiss for lack of subject matter jurisdiction is granted, and Swanson's Complaint is dismissed without leave to amend his Complaint in federal court.

Dated:  January 18, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge